UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MOOHAVEN DAIRY LLC,            Case No. 10-24239-dob
                                                 Chapter 11 Proceeding
        Debtor.                         Hon. Daniel S. Opperman
_____/

OPINION REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER
FILED BY CREDITOR BANK OF AMERICA

A creditor, Bank of America, filed an Ex-Parte Motion for Temporary Restraining Order and for Order to Show Cause Why H. Dale Cubitt Should Not be Held in Contempt of Court. This Court granted limited relief to Bank of America by way of an Order dated June 9, 2011, and set this matter for an evidentiary hearing on September 16, 2011. At this evidentiary hearing, Bank of America presented exhibits supporting its request for damages, as well as other exhibits supporting its Motion. The Court also heard testimony from Mr. Cubitt. At the conclusion of the September 16, 2011, hearing, the Court took this matter under advisement.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Findings of Fact

The Court makes the following findings of fact based upon the pleadings filed with the Court in this case, the exhibits admitted at the September 16, 2011, evidentiary hearing, and the testimony of Mr. Cubitt.

1

The Debtor filed a Petition seeking relief under Chapter 11 on October 21, 2010. Bank of America filed a Motion seeking relief from the automatic stay pursuant to 11 U.S.C. § 362 to allow it the opportunity to have an order entered as to non-debtor individuals. This Court granted the relief requested by Bank of America pursuant to an Order dated December 10, 2010. The Sanilac County Circuit Court entered a judgment against various individuals, but no further action has been taken against the Debtor since the entry of the Order of the Sanilac County Circuit Court.

On December 20, 2010, Mr. Cubitt filed an Application to be employed as the attorney for the debtor-in-possession. This Application was amended on December 30, 2010. In the interim, the United States Trustee objected to the Application to Employ Mr. Cubitt, and the Court conducted a hearing on this Application on January 7, 2011. The Court denied Mr. Cubitt's Application and, in conjunction with other Motions heard on January 7, 2011, concluded that a Chapter 11 Trustee should be appointed by the United States Trustee. The Court entered an Order denying Mr. Cubitt's Application on January 11, 2011 and entered an Order directing the appointment of a Chapter 11 Trustee the same day. The United States Trustee selected Thomas McDonald as the Chapter 11 Trustee, and Mr. McDonald was appointed by Order of this Court dated January 12, 2011. In turn, Mr. McDonald retained the law firm of Lambert, Leser, Isackson, Cook & Giunta as the attorneys for the Chapter 11 Trustee. From February, 2011, to the present, Bank of America's counsel and the Chapter 11 Trustee's counsel have engaged in extensive negotiations regarding cash collateral, leases, and other Chapter 11 issues.

On May 24, 2011, Mr. Cubitt filed a Motion to Set Aside Judgment Against Moohaven Dairy LLC with the Sanilac County Circuit Court. This Motion was filed by Mr. Cubitt on behalf of non-specified defendants, which included Moohaven Dairy LLC, Elwood Morell, Joanne Morell, Brent

2

A. Morell, Leanne M. Morell, as well as other defendants not represented by Mr. Cubitt in the Sanilac County Circuit Court action. A close reading of the May 24, 2011, Motion does not distinguish between or among the various parties that Mr. Cubitt represented in the Sanilac County Circuit Court action. Shortly after receiving this Motion, counsel for Bank of America on May 26, 2011, requested that the May 31, 2011, hearing be adjourned for various reasons. Mr. Cubitt refused that request. On May 26, 2011, counsel for Bank of America sent Mr. McDonald's counsel a letter regarding the involvement of the Chapter 11 Trustee in the Sanilac County Circuit Court action, as well as Mr. Cubitt's authority to act on behalf of the Trustee, or the debtor-in-possession. Neither Mr. McDonald or his counsel confirmed that Mr. Cubitt was acting within any authority or direction given to him by the Chapter 11 Trustee or his counsel.

The May 31, 2011, hearing was commenced in the Sanilac County Circuit Court, but the hearing did not continue long because of improper notice given to not only Bank of America, but to other parties in the Sanilac County Circuit Court action. Accordingly, the hearing was continued and adjourned. In the interim, this Court entered an Order prohibiting Mr. Cubitt from appearing or representing the Debtor.

At the September 16, 2011, hearing, Bank of America requested attorney fees of $11,491.50.[1] A closer view of the statement of Bank of America's counsel reveals that the following entries are directly related to Mr. Cubitt's actions on behalf of Moohaven Dairy LLC.

| Date | Description | Hours | Rate | Value |
| --- | --- | --- | --- | --- |
| 05/26/11 | Draft/revise letter to Keith Schofner requesting his cooperation in getting Dale Cubitt under control | 0.40 | 200.00 | 80.00 |

---

[1] While Bank of America alluded to certain expenses incurred by it, such were never formally requested and were not included in Bank of America's Exhibit 10 detailing its attorney fees which was admitted at the September 16, 2011, hearing.

| Date | Description | Hours | Rate | Value |
|---|---|---|---|---|
| 05/26/11 | Research for motion for temporary restraining order and order to show cause | 1.10 | 200.00 | 220.00 |

| Date | Description | Hours | Rate | Value |
|---|---|---|---|---|
| 05/26/11 | Draft/revise affidavit of Scott Mancinelli in support of motion for temporary restraining order as to H. Dale Cubitt | 0.40 | 200.00 | 80.00 |
| 05/26/11 | Draft/revise temporary restraining order as to H. Dale Cubitt | 0.40 | 200.00 | 80.00 |
| 05/26/11 | Draft/revise order to show cause as to contempt | 0.40 | 200.00 | 80.00 |
| 05/26/11 | Draft/revise ex parte motion for temporary restraining order | 1.10 | 200.00 | 220.00 |
| 05/24/11 | Email to attorney for Trustee re motion to vacate filed by Cubitt/memo re same | 0.40 | 180.00 | 72.00 |
| 05/25/11 | Email exchange with Trustee's attorney | 0.20 | 180.00 | 36.00 |
| 05/27/11 | Email exchange with Trustee's counsel | 0.20 | 180.00 | 36.00 |
| 05/27/11 | Email exchange with attorney for US Trustee | 0.20 | 180.00 | 36.00 |
| 05/27/11 | Exchange emails with US Trustee regarding the actions of Dale Cubitt/actions to stop | 0.30 | 245.00 | 73.50 |
| 05/27/11 | Telephone conferences with Trustee/US Trustee's offices relating to prohibiting Cubitt from proceeding with motions/unauthorized actions by Cubitt with regard to motion to set aside state court action | 0.80 | 245.00 | 196.00 |
| 05/31/11 | Telephone conference with United States Trustee representative Leslie Berg regarding actions of Trustee/participating with Dale Cubitt for motion to set aside judgment | 0.60 | 245.00 | 147.00 |
| 05/31/11 | Draft/revise emails regarding results of hearing on motion to set aside judgment/contact by US Trustee with Judge Teeple's office | 0.30 | 245.00 | 73.50 |
| 06/01/11 | Telephone conference with court recorder regarding ordering transcript on hearing held 05/31/11 on Defendant's Motion to Set Aside Judgment Entered Against Moohaven Dairy LLC on 12/07/10 | 0.20 | 115.00 | 23.00 |

| Date | Description | Hours | Rate | Value |
|---|---|---|---|---|
| 06/03/11 | Telephone call with Keith Schofner | 0.10 | 200.00 | 20.00 |

| Date | Description | Hours | Rate | Value |
|---|---|---|---|---|
| 05/26/11 | Draft/revise ex parte motion for temporary restraining order/order to show cause as to Dale Cubitt | 1.80 | 200.00 | 360.00 |
| 06/07/11 | Letter to Mr. Cubitt regarding refiling a motion and potential sanctions | 0.30 | 245.00 | 73.50 |
| 06/06/11 | Draft/revise subpoena for attendance of Attorney Cubitt at hearing on Motion for Order to Show Cause before Judge Opperman | 0.50 | 200.00 | 100.00 |
| 06/07/11 | Phone call with Keith Schofner | 0.10 | 200.00 | 20.00 |
| 06/07/11 | Emails with Leslie Berg | 0.10 | 200.00 | 20.00 |
| 06/07/11 | Letter to Attorney Cubitt regarding improper actions | 0.10 | 200.00 | 20.00 |
| 06/08/11 | Exchange emails with US Trustee re hearing on motion submitted by Dale Cubitt in Sanilac County and unwillingness of Trustee Tom McDonald to become involved and assert his position | 0.70 | 245.00 | 171.50 |
| 06/09/11 | Review/analyze order issued by Judge Opperman enjoining Dale Cubitt and send same to client | 0.60 | 245.00 | 147.00 |
| 06/15/11 | Research as to contempt procedures/sanctions against disqualified counsel | 0.90 | 200.00 | 180.00 |
| 06/16/11 | Work re motion for contempt against Dale Cubitt/adjournment of hearing on same | 0.30 | 245.00 | 73.50 |
| 06/06/11 | Draft email to US Trustee re notice of motion by Dale Cubitt to set aside judgment entered against Moohaven LLC | 0.30 | 245.00 | 73.50 |
| 06/16/11 | Plan and prepare for evidentiary hearing on motion for sanctions | 0.80 | 200.00 | 160.00 |
| 06/16/11 | Review/analyze transcript from most recent hearing in front of Judge Opperman | 0.10 | 200.00 | 20.00 |

| Date | Description | Hours | Rate | Value |
|---|---|---|---|---|
| 06/16/11 | Plan and prepare for evidentiary hearing/selection of exhibits | 0.50 | 200.00 | 100.00 |
| 06/16/11 | Review/analyze re-notice of evidentiary hearing as to Cubitt | 0.10 | 200.00 | 20.00 |
| 06/06/11 | Research issues re trustee's acquiescence/support of Attorney Cubitt's efforts to have state court judgment vacated | 0.30 | 180.00 | 54.00 |
| 06/09/11 | Review/analyze Attorney Cubitt's notice of withdrawal of motion to vacate judgment | 0.20 | 180.00 | 36.00 |
| 09/13/11 | Plan and prepare for contempt hearing-exhibits selection-marking exhibits for submission | 1.90 | 200.00 | 380.00 |
| 09/16/11 | Appear/attend contempt motion against Cubitt in Bay City | 9.40 | 200.00 | 1880.00 |
| 09/15/11 | Plan and prepare for contempt hearing against Cubitt/outline oral argument | 1.20 | 200.00 | 240.00 |
| Total | | | | 5,602.00 |

The Court also heard testimony from Mr. Cubitt, who confirmed that he intended to represent the Debtor at the May 31, 2011, hearing and further testified that he would take similar action again. Mr. Cubitt's testimony shows that he clearly understood the difference between the debtor-in-possession, Moohaven Dairy LLC, as opposed to the various individuals who have not filed bankruptcy.

Analysis

Federal Rule of Bankruptcy Procedure 9020 states, "Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest." This power further arises from 11 U.S.C. § 105(a), which provides:

6

>The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Civil contempt is remedial; it serves to compel or coerce obedience to a court order or to compensate a party for another's noncompliance with a court order. *In re Joint Eastern and Southern Districts Asbestos Litigation*, 830 F. Supp. 1153, 1155 (C.D. Ill. 1993). It is axiomatic that "all orders and judgements of courts must be complied with promptly." *Gnesys, Inc. v. Greene*, 437 F.3d 482, 493 (6th Cir. 2005) (citation and quotation marks omitted). A finding of civil contempt '[is] considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994) (footnote omitted). The party seeking a contempt order "must establish three elements by clear and convincing evidence: (1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999) (citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir.1998); other citation omitted). Courts have emphasized that "[w]illfulness is not an element of civil contempt and intent to disobey the order is irrelevant." *In re Walker*, 257 B.R. 493, 497 (Bankr. N.D. Ohio 2001) (citing *Rolex Watch, U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir. 1996)).

Courts generally use two different methods to coerce a contemnor into compliance. The first is a monetary fine that either compensates the complainant for demonstrated damages resulting from

7

the contempt or a fine payable into the court that can be avoided by "performing the act required by the court's order[.]" *United States v. Bayshore Assoc., Inc.*, 934 F.2d 1391, 1400 (6th Cir. 1991) (citations and quotation marks omitted). The second permitted sanction for civil contempt is incarceration. "Incarceration has long been established as an appropriate sanction for civil contempt." *Id*. (collecting United States Supreme Court cases dating back to 1911).

"Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's Elec. Service Co.*, 340 F.3d at 379 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). To meet this burden a contemnor is required "to show categorically and in detail why he or she is unable to comply with the court's order[,]" demonstrate that they "took all reasonable steps within [their] power to comply with the court's order[,]" and "show that he is not responsible for the present inability to pay." *Id*. (citations and internal quotation marks omitted).

11 U.S.C. § 327 allows a trustee to employ professionals to represent or assist the trustee. By virtue of the rights of a debtor-in-possession pursuant to 11 U.S.C. § 1107, Moohaven Dairy LLC had the right to request the appointment of counsel to represent it in this Chapter 11 case. Moohaven Dairy LLC did exactly that, but Mr. Cubitt was found to not be eligible under 11 U.S.C. § 327. This Court also found that this bankruptcy estate required the appointment of a Chapter 11 Trustee, which stripped Moohaven Dairy LLC of the practical need or ability to retain counsel.

Once the Court denied Mr. Cubitt's Application to be employed by counsel, he ceased to have any authority to represent Moohaven Dairy LLC. Although the effect of this decision is usually in regard to the payment of attorney fees, other ramifications result. As evidenced in this

case, significant and substantial confusion can exist if any party, such as Bank of America, the major secured creditor in this case, is forced to try to guess whether it should negotiate with the Chapter 11 Trustee, the appointed entity and person to oversee the reorganization of the Debtor or to negotiate with an attorney who putatively represents the debtor-in-possession. Aside from the additional confusion, costs and delays result whenever non-authorized individuals or entities decide to represent a debtor, even as a volunteer.

The Court finds that Mr. Cubitt knew of the January 11, 2011 Order of this Court that denied his application for employment and that he violated that Order by filing a motion with the Sanilac County Circuit Court on behalf of the Debtors. Moreover, the January 11, 2011 Order was specific and definite.

While the Court concludes that Mr. Cubitt improperly represented Moohaven Dairy LLC in regard to the filing of the Motion to Set Aside Judgment, the analysis of the Court does not end there. As is common in many multi-party actions, Bank of America sought the lift of the automatic stay as to a number of individuals represented by Mr. Cubitt. There is nothing in the Court's record that prohibits Mr. Cubitt from representing those individuals. Since the automatic stay did not prohibit Mr. Cubitt from attempting to obtain relief for these individuals in the Sanilac County Circuit Court, Bank of America had to respond to the Motion to Set Aside Judgment regardless of Mr. Cubitt's action that appeared to have been taken on behalf of the Debtor.

As indicated in the Findings of Fact, a close examination of Bank of America's statement of services shows that some of the services provided by Bank of America's counsel would have existed even if Mr. Cubitt had been more detailed in his Motion and excluded Moohaven Dairy

9

LLC. Accordingly, the Court, after careful review of the statement of services, concludes that the amount of $5,602.00 is directly attributed to Mr. Cubitt's improper action in taking on the representation of Moohaven Dairy LLC in the Sanilac County Circuit Court after February, 2011. The remaining services would have been incurred even if Mr. Cubitt had properly excluded Moohaven Dairy LLC from the Motion to Set Aside Judgment.

As for the improper notice which caused the Sanilac County Circuit Court to not conclude the May 31, 2011, hearing, this Court leaves the issue of any award of fees and costs as to Bank of America to the Sanilac County Circuit Court. While at first blush, the lack of notice appears to be an elementary rule of due process, this Court is not in the best position to rule on that issue because of the procedural rules of the Michigan courts and because the Sanilac County Circuit Court Judge is in a better position to determine what, if any, fees or expenses should be assessed against any party in regard to the abbreviated May 31, 2011, hearing.

To conclude, the Court holds that Mr. Cubitt improperly represented Moohaven Dairy LLC after February, 2011, and that the costs incurred by Bank of America as a result of such improper conduct is $5,602.00 in fees and $0 in expenses. This amount is assessed against Mr. Cubitt and shall be paid to Bank of America within 21 days.

Counsel for Bank of America shall prepare an Order consistent with this Opinion and submit this Order consistent with the local rules of this Court.

**Signed on November 28, 2011**

                                               **/s/ Daniel S. Opperman**
                                               **Daniel S. Opperman**
                                               **United States Bankruptcy Judge**