UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MOOHAVEN DAIRY LLC,　　　　　　　　　　Case No. 10-24239-dob
　　　　　　　　　　　　　　　　　　　　Chapter 11 Proceeding
　　　　　Debtor.　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

Opinion Regarding Objection to
Closing of Case Filed by Hyzer, Hill, Kuzak & Co., P.C.

On January 29, 2012, the Clerk of the Court entered a Notice of Confirmation and Opportunity to Object to the Closing of the Case. This Notice directed the closing of this Chapter 11 proceeding unless a party filed an objection. On March 27, 2012, a creditor, Hyzer, Hill, Kuzak & Co., P.C., ("Hyzer Hill") filed an Objection to Closing of the Case. The basis for Hyzer Hill's Objection is that Hyzer Hill wishes to object to the proof of claim filed by Bank of America, in particular, the claimed attorney fees of $423,982.58. The Court conducted a hearing regarding the Objection of Hyzer Hill on April 12, 2012. The Chapter 11 Trustee, Thomas McDonald, appeared, as did counsel for Bank of America. Mr. McDonald took no position as to the Objection of Hyzer Hill because the Chapter 11 Trustee had already agreed that he would not object to the claim of Bank of America, so long as that claim was less than $6,200,000.

The agreement between the Chapter 11 Trustee and Bank of America resulted from a settlement that this Court approved on December 27, 2011. Paragraph 4 of the December 27, 2011, Order states:

> 4. Bank of America is hereby allowed a fully secured claim uncontested claim evidenced by an amended proof of claim to be filed by Bank of America on or before December 31, 2011, which will set forth the amount of the claim and the Trustee may not object to it so long as it does not exceed $6,200,000.00 ("Claim

1

Amount"). Any and all claims or causes of action of any nature whatsoever against Bank of America, including any such claims under the Trustee's avoidance powers under any provision of the Bankruptcy Code and any claim to surcharge the collateral of Bank of America under 11 USC 506(c), are hereby waived by the Trustee, Debtor, and individual members of Debtor that signed the Motion for Settlement of Controversy of this Order. The liens and encumbrances on estate property in favor of Bank of America whether existing currently or granted in the Plan are hereby indefeasible and in a first priority position except as otherwise noted in the Plan.

Shortly thereafter, on December 30, 2011, Bank of America amended its proof of claim and detailed that it incurred attorney fees, expenses, and costs of $415,192.08, as well as costs of collection from July 20, 2010, through October 21, 2010, of $8,790.50.

After the settlement was approved by the Court on December 27, 2011, the Court confirmed the Chapter 11 Trustee's First Amended Combined Plan and Disclosure Statement via an Order dated January 27, 2012. A relevant provision of the January 27, 2012, Order states:

> 16. The treatment of the claim of Bank of America shall be governed in accordance with the Order Granting Motion for Settlement of Controversy Regarding Claim and Treatment of Bank of America [Docket No.: 373] which is incorporated by reference herein.

Hyzer Hill received notice of the settlement of the differences between the Trustee and Bank of America, as well as the Plan.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334 and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Analysis

The Clerk of the Court sends the Notice of Confirmation and Opportunity to Object to the Closing of the Case to allow parties a last opportunity to raise any issue that should be decided. In

this case, Hyzer Hill has stated that it wishes to object to the proof of claim of Bank of America. The Court generally allows the continuation of an open case to allow parties to bring issues to the Court that must be resolved. More often, the debtor objects to the closing of the case because there are certain Chapter 5 claims that need to be resolved, or the debtor needs to complete the claims resolution process.

Here, a creditor wishes to object to the proof of claim of Bank of America. While due process dictates that this creditor be allowed to object to the claim of Bank of America, this Court cannot ignore the costs involved in doing so. In most cases, a case is left open at the request of a debtor and when that occurs, the debtor realizes that it must continue to pay fees to the United States Trustee while matters are resolved. Here, neither the Debtor or the Trustee have indicated a willingness to pay these fees while the claim resolution process continues.

While the Court will allow Hyzer Hill to file its objection to the proof of claim of Bank of America, it will also require that Hyzer Hill pay to the Chapter 11 Trustee the fees that the estate would incur while this process continues. For ease of calculation, any fees incurred after March 31, 2012, shall be paid by Hyzer Hill. To accomplish that end, the Trustee shall estimate the fees on a monthly basis and invoice Hyzer Hill, through its counsel, for those fees. In the event the fees are not paid within 15 days after the date of invoice, the Trustee shall report the non-payment of the fees to the Court. Upon such report, the Court will overrule any objection of Hyzer Hill and allow the closing of this case without any further hearing.

The Court imposes this burden for two reasons. First, it appears to the Court that by December 30, 2011, any creditor monitoring this case would have been aware of the settlement, as well as the amount that Bank of America claimed as attorney fees. By that date, any creditor could

have objected to the confirmation of the Chapter 11 Plan and had this issue raised, if not resolved, as part of the confirmation process. Instead, it appears to this Court that Hyzer Hill waited many months and then decided to raise an objection to the proof of claim as this matter was being completed. Although Hyzer Hill has the right to object to the proof of claim, the costs of that objection, namely in the form of additional costs incurred by the estate, should be borne by the party that has caused those costs, namely Hyzer Hill.

Second, this case, after many months of negotiations and hearings, was ready to be closed. The imposition of significant United States Trustee fees on a Debtor, which has already resolved its differences with its creditors, is not warranted. Moreover, these costs should not be visited on other creditors who accepted the Chapter 11 Plan. While the Court recognizes a certain chilling effect the imposition of these fees may have, Hyzer Hill had ample opportunity to raise its concerns earlier and at a time when no, or minimal, fees would be incurred.

For the reasons stated in this Opinion, the Objection of Hyzer Hill is sustained, subject to Hyzer Hill filing an objection to the proof of claim of Bank of America by May 4, 2012, and the payment by Hyzer Hill of fees incurred by the estate to the United States Trustee after March 31, 2012, payable on monthly installments as invoiced by the Chapter 11 Trustee. The failure of either will cause this case to be closed without any further hearing.

**Signed on April 26, 2012**

                                                   **/s/ Daniel S. Opperman**
                                                   **Daniel S. Opperman**
                                                   **United States Bankruptcy Judge**